1

2

3          **UNITED STATES DISTRICT COURT**

4          **EASTERN DISTRICT OF WASHINGTON**

5                                                  Case No. CV-14-00413-JPH

6

   JOSEPH GEORGE SNIDER,
7
                    Plaintiff,                     ORDER GRANTING DEFENDANT'S
8                                                  MOTION FOR SUMMARY
   vs.                                             JUDGMENT
9
   CAROLYN W. COLVIN, Acting
10  Commissioner of Social Security,

11                  Defendant.

12
       **BEFORE THE COURT** are cross-motions for summary judgment. ECF No.
13
   14, 16. Attorney Dana C. Madsen represents plaintiff (Snider). Special Assistant
14
   United States Attorney Ryan Lu represents defendant (Commissioner). The parties
15
   consented to proceed before a magistrate judge. ECF No. 7. On November 3, 2015,
16
   Snider replied. ECF No. 17. After reviewing the administrative record and the briefs
17
   filed by the parties, the court **grants** defendant's motion for summary judgment,
18
   ECF No. 16.
19
                              **JURISDICTION**
20
       On November 22, 2013 Snider applied for supplemental security income (SSI)

ORDER ~ 1

benefits alleging disability (as amended, Tr. 67-68) beginning the same date (Tr. 136-42). The claims were denied initially and on reconsideration (Tr. 93-96, 103-05). Administrative Law Judge (ALJ) Marie Palachuk held a hearing July 23, 2014. Snider, represented by counsel, and medical and vocational experts  testified  (Tr. 43-72). On August 8, 2014, the ALJ issued an unfavorable decision (Tr. 20-31). The Appeals Council denied review on October 24, 2014 (Tr. 1-3). Snider appealed pursuant to 42 U.S.C. §§ 405(g) on December 23, 2014. ECF No. 1, 3.

## STATEMENT OF FACTS

The facts appear in the administrative hearing transcript, the decisions below and the parties' briefs. They are only briefly summarized here and throughout this order as necessary to explain the Court's decision.

Snider was 40 years old at the hearing. He has a seventh grade education and earned his GED in prison. He had problems with past jobs due to his inability to get along with others. He has past relevant work as a landscape laborer. He lives with his spouse and five children, ages six through fifteen. He does not drive and has never had a license. He only leaves the house about five times a month. His activities are playing with his children and watching television. He alleges mental limitations  (Tr. 57-59, 62, 65-66, 69).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage

ORDER  ~ 2

in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed

impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful

ORDER ~ 4

activity and  (2)  a "significant number of jobs exist in the national economy" which

plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's

decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision,

made through an ALJ, when the determination is not based on legal error and is

supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.

1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's]

determination that a plaintiff is not disabled will be upheld if the findings of fact are

supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir.

1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla,

*Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a

preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989).

Substantial evidence "means such evidence as a reasonable mind might accept as

adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401

(1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner]

may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*,

348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a

whole, not just the evidence supporting the decision of the Commissioner. *Weetman

v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525,

526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## ALJ'S FINDINGS

At step one, ALJ Palachuk found Snider did not work at substantial gainful activity levels after onset (Tr. 22). At steps two and three, the ALJ found Snider suffers from anxiety disorder, an impairment that is severe but does not meet or medically equal a Listed impairment (Tr. 22-23). The ALJ assessed an RFC for a full range of work at all exertional levels with nonexertional limitations (Tr. 24). At step four, relying on the vocational expert's testimony, the ALJ found Snider can perform his past work as a landscape laborer (Tr. 30). Alternatively, again relying

on the VE, the ALJ found at step five there are other jobs, such as laundry worker and industrial cleaner, plaintiff can perform. Accordingly, the ALJ found Snider was not disabled as defined by the Act (Tr. 31).

### ISSUES

Snider alleges the ALJ erred when she weighed the evidence by failing to credit the opinion of Gregory Charbonneau, Ed.D., and by giving too much credit to the opinion of the testifying psychologist. ECF No. 14 at 9-11. The Commissioner responds that    because the ALJ's findings are factually supported and free of harmful legal error, the court should affirm. ECF No. 16 at 2.

### DISCUSSION

*A. Credibility*

Snider fails to challenge the ALJ's negative credibility assessment, meaning any challenge is weighed on appeal. *Bray  v. Comm'r of Soc. Sec. Admin*., 554 F.3d 1219, 1226 n. 7 (9th Cir. 2009). The Court addresses it briefly because it bears on the ALJ's assessment of the medical evidence.

When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict. *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's credibility findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). As the Court has stated many times, absent affirmative evidence of

malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Garrison v. Colvin*, 759 F.3d 995, 1015 n. 18 (9th Cir. 2014). Here, the ALJ found Snider less than fully credible (Tr. 23, 25).

The ALJ considered Snider's criminal history, which includes seven felony convictions and five periods of incarceration. While incarcerated he smuggled drugs into the prison (Tr. 25, referring to Tr. 222). The ALJ notes this untruthfulness diminishes plaintiff's credibility. The ALJ correctly relied on this factor because a reputation for untruthfulness clearly diminishes credibility. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir, 2002). The ALJ addressed Snider's one-time claim he suffers hallucinations (Tr. 23, 26, referring to Tr. 261-62, 264). She contrasted this with the many times he reported he suffers no hallucinations: Tr. 222 (no signs of mental illness); 224 (denies has ever seen or heard things that others have not); Tr. 233 (negative for hallucinations); Tr. 240 (never hears voices); 244 (denied hallucinations entirely); Tr. 247 (again denied hallucinations entirely).

The ALJ relied on plaintiff's treatment history (Tr. 26). While incarcerated he did not request any mental health treatment (Tr. 230). The record shows he was prescribed psychotropic medication, but this appears based on his descriptions of his symptoms because on multiple occasions mental examinations were essentially unremarkable and plaintiff is described as having no unusual anxiety. Plaintiff has

said he has good results when he takes prescribed medications consistently and has problems when he does not. The ALJ correctly concluded limited treatment efforts and needs, and symptoms controlled with medication, are inconsistent with allegedly disabling mental impairments (Tr. 26, 213, 222-23, 225, 230, 235-36, 239, 243, 246, 250, 256, 261). The ALJ correctly relied on medical evidence that contradicts plaintiff's claims when she found him less than fully credible.

### B. Dr. Charbonneau

Gregory Charbonneau, Ed.D., examined Snider on February 7, 2014 (Tr. 261-65). This examination was to determine if plaintiff qualified for public assistance based on a mental disorder. The ALJ notes this is the only time during the relevant period plaintiff was observed to have significant mental health symptoms, and it was also the only time he claimed to have hallucinations and delusions (Tr. 27). The ALJ observes a clear motive for secondary gain could be attributed to plaintiff's changed claims and behavior. The ALJ may certainly consider motivation and the issue of secondary gain in rejecting symptom testimony. *See Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998); *Matney on Behalf of Matney v. Sullivan*, 981 F.2d 1016, 1020 (9th Cir. 1992). As the ALJ points out, Dr. Charbonneau's diagnosis of bipolar disorder with psychotic features appears based solely on plaintiff's unreliable self-report (Tr. 28-29, 262).

The ALJ gave little weight to Dr. Charbonneau's opinion, including that

plaintiff is severely limited in the ability to understand and remember very short and simple instructions and perform activities within a schedule (Tr. 29 referring to Tr. 263). She notes this one-time examination could not provide a detailed, longitudinal picture of plaintiff's impairments and limitations. The assessed limitations are also unsupported by Dr. Charbonneau's examination results indicating plaintiff was fully oriented; memory, concentration and fund of knowledge were intact and normal (Tr. 24, 29, referring to Tr. 264). Plaintiff alleges this was not a reason relied on by the ALJ. ECF No. 17 at 2. Plaintiff is incorrect. See Tr. 29:

> "... he was oriented to person, place, time and situation. The claimant's remote memory and recent memory were intact. His immediate memory was described as being good because he was able to remember 7 digits forward and 5 digits backward. The claimant's fund of knowledge was within normal limits. He was aware of current events and was able to name three large cities in the United States and correctly identify 2/2 states that border Washington. The claimant's concentration was within normal limits. He was able to correctly perform serial 7 subtractions and spell the word "world" forward and backward."

Tr. 29, citing Dr. Charbonneau at Tr. 264.

Likewise, other substantial evidence in the record does not support the degree of limitation alleged. Snider admitted he gets his five children ready for school and drops them off, showing he can follow a schedule (Tr. 262). He cooks often, usually

complex meals, which is inconsistent with a severe limitation in the ability to remember and understand very short and simple instructions (Tr. 262).

The ALJ is correct. Dr. Charbonneau's check box opinions of plaintiff's limitations are inconsistent with both the psychologist's own examination results and other evidence of record, including plaintiff's admitted activities. The ALJ need not accept the opinion of any doctor if the opinion is brief, conclusory and inadequately supported by clinical findings. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

Psychological expert Thomas McKnight, PH.D., reviewed the record. He testified plaintiff has no severe impairments (Tr. 56).

The ALJ  considered but did not fully accept this opinion (Tr. 29-30). She found plaintiff suffers from anxiety, a severe impairment, and has two nonexertional limitations: he cannot work with the general public and contact with co-workers is limited to small groups, and no more than superficial contact (Tr. 30).

A testifying doctor's opinion is properly relied on as long other evidence in the record supports those findings. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)(citation omitted). Here, the ALJ assessed greater limitations than described by the testifying expert. The ALJ's limitations are consistent with the evidence, including the lack of treatment and clear ability to function when compliant with taking prescribed medications.

The ALJ's reasons for rejecting Dr. Charbonneau's contradicted opinion are specific, legitimate and supported by the record. A check-box form is entitled to little weight. *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996). Opinions based on unreliable self-reporting may be properly discounted. *Bayliss v. Andrews*, 427 F.3d 1211, 1216  (9th Cir. 2005). Any medical opinion that is brief, conclusory and unsupported by clinical findings is properly discounted. *Bayliss*, 427 F.3d at 1216.

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony and resolving ambiguities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008).  The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The ALJ's determinations are supported by the record and free of harmful legal error.

## CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED:**

Defendant's motion for summary judgment, **ECF No. 16**, is **granted.**

ORDER ~ 12

Plaintiff's motion for summary judgment, ECF No. 14, is denied.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant and **CLOSE** the file.

DATED this 28th day of December, 2015.

_S/ James P. Hutton_

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER ~ 13